**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MINDY L. WOODRUFF,

                              Plaintiff,

   v.                                               8:18-CV-522
                                                          (GLS/CFH)

CHRIS REDIEHS, CPS Commissioner;
CHRISTINE ST. ANDREWS, CPS Caseworker;
JEN FISHEL, CPS Caseworker,

                              Defendants.

---

**APPEARANCES**:

Mindy L. Woodruff
568 Potter Road
Canton, New York 13617
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

      Plaintiff pro se Mindy L. Woodruff commenced this action on May 1, 2018 with the filing of a Complaint. Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff filed a Motion for Leave to Proceed In forma Pauperis ("IFP"). Dkt. No. 2.[1] The undersigned has reviewed plaintiff's IFP application and determines that she has demonstrated that

---

[1] Along with her complaint, plaintiff filed a document entitled "Pre-injunctive relief" indicating that she has a hearing at the Department of Social Services on May 8, 2018. She indicates that she believes "negligence and corruption" at the St. Lawrence County Department of Social Services "would create an unfair hearing that is biased and corrupt." Dkt. No. 1-2. It is not clear the exact injunctive relief she is seeking from this Court. However, claims for injunctive relief must be addressed by the District Judge; thus, the undersigned cannot address this apparent request for injunctive relief. See 28 U.S.C. § 636(b)(1)(A) (excluding injunctive relief from pretrial matters that can be decided by magistrate judge subject to abuse-of-discretion review by district court).

she is financially qualified to proceed IFP.[2]

# I. Initial Review

## A. Legal Standard

The United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[2] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs she may incur in this action, including but not limited to copying fees and witness fees.

2

See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

well disguised." Id. (citations omitted).

## B. Review of Complaint

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983[3] contending that defendants Christine St. Andrews, Jen Fishel, and Chris Rediehs were negligent insofar as they failed to properly investigate and protect plaintiff's minor daughter after the child made allegations of sexual abuse at the hands of her father. Compl. at 5. Plaintiff's complaint provides that she "support[s] state sovereignty movement[4] and that the federal child welfare laws are a violation of U.S. Constitution tenth Amendment." Compl. at 3. Plaintiff contends that her "child's protective services at the social service department are corrupt liars who persecute me wrongfully." Id.

Plaintiff contends that St. Andrews intentionally included false information in her investigation and did not complete the investigation within sixty days. Id. at 5. Plaintiff contends that the delay "is a violation of my constitutional rights. This is violating my 10th amendment." Id. Plaintiff also contends that St. Andrews improperly made an unfounded allegation about plaintiff having mental health issues. Id. Plaintiff further contends that St. Andrews "falsified documents" that have targeted plaintiff and added an allegation that plaintiff told the child to make sexual assault allegations about her

---

[3] Plaintiff indicates on her form complaint that she is also seeking to bring a claim against federal officials in a Bivens lawsuit. Compl. at 3. However, plaintiff has not named any federal officials in her complaint. Id. Thus, there are no Bivens claims.

[4] The Second Circuit has noted that "sovereign citizens are a loosely affiliated group who believes that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ullola, 511 F. App'x 105, 106 n.1 (2d Cir. 2013).

father. Id. at 6.  Plaintiff contends that Rediehs was informed of plaintiff's concerns that her child's sexual abuse allegations and Child Protective Service's investigation, but that Redieh's was negligent insofar as he failed to make sure the case was being handled properly handled.  Id. at 7.  Finally, plaintiff alleges that Fishel did not properly investigate the sexual abuse claims and also improperly investigated the child's father insofar as she failed to look into allegations of domestic abuse from the father's girlfriend, including allegations that the father allowed the child to see the domestic abuse and was carrying the child while he abused his girlfriend.  Id. at 8-9.  Thus, plaintiff contends that Fishel allowed her daughter to remain in unsafe conditions.  Id.  In her request for damages, plaintiff demands injunctive and punitive relief.  Id. at 10.

      Plaintiff fails to demonstrate this Court's jurisdiction.  In order for this Court to have jurisdiction over this matter, a plaintiff must demonstrate that there exists either complete diversity jurisdiction or federal question jurisdiction.  "It is a fundamental precept that federal courts are courts of limited jurisdiction."  Owen Equip. & Erec. Co. v. Kroger, 437 U.S. 365, 374 (1978).  A court may properly dismiss a case where it "lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Subject matter jurisdiction may be based either on federal question or the complete diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332.  To show diversity jurisdiction, a plaintiff must demonstrate that he is a citizens of a different state than all defendants in the action.  Section 1332 of the Judicial Code provides that federal courts have subject matter jurisdiction on the basis of "diversity jurisdiction" "where the matter in controversy exceeds the sum or value of

5

$75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1) .  Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted), overruled on other grounds by Doscher v. Sea Port Grp. Securities, LLP, 832 F.3d 372 (2d Cir. 2016)).

    Here, plaintiff does not allege diversity jurisdiction, nor could she as plaintiff and all defendants are citizens of the same state.  Plaintiff purports to allege federal question jurisdiction insofar as she contends that defendants' actions in improperly investigating and protecting her daughter violated the Tenth Amendment.  However, plaintiff's claims clearly involve questions of state law, specifically negligence.  The Tenth Amendment to the United States' Constitution provides, "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people." U.S. CONST. AMEND. X.  Plaintiff fails to state how defendants have violated the Tenth Amendment nor does she explain how the Tenth Amendment is applicable to her claims.  As this Court has held, the Tenth Amendment "was adopted for the specific purpose of preserving federalism and state sovereignty."  Mann by Parent v. Meachem, 929 F. Supp. 622, 634 (N.D.N.Y. 1996) (citing Garcia v. San Metropolitan Transit Auth., 469 U.S. 528, 568 (1985)); Padavan v. United States, 82 F.3d 23, 29 (2d Cir. 1996) ("The purpose of the Tenth Amendment is to limit Congress from usurping power that was reserved to the states.").

"'There is nothing in the history of [the Tenth Amendment's] adoption to suggest that it was more than declaratory of he relationship between the national and state government . . . .'" Id. (quoting United States v. Darby, 312 U.S. 100, 123 (1941)). Further, this Court has made clear that "[t]he Tenth Amendment does not protect any specific personal right[.]"  Id.

Plaintiff's complaint clearly sounds in state law, insofar as she seeks to allege claims of negligence against defendants.  Plaintiff has failed to demonstrate this Court's federal question jurisdiction.  Although it does not appear that amending the complaint would result in plaintiff stating this Court's jurisdiction, as it is clear that there can be no claim stated under the Tenth Amendment as that provision does not guarantee a private right that is enforceable through section 1983, due to the special solicitude this Court must show plaintiff as a pro se litigant, it is recommended that plaintiff be permitted one opportunity to amend her complaint to attempt to demonstrate this Court's federal question jurisdiction.  See Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (" '[A] pro se complaint is to be read liberally,' and should not be dismissed without granting leave to amend at least once when such a reading 'gives *any* indication that a valid claim *might* be stated.'" (citation omitted)).

It is noted that insofar as plaintiff seeks certain injunctive relief – specifically "full custody of my daughter and for a full investigation done on her father," to the extent plaintiff seeks review of a Family Court's custody determination as it relates to her daughter, this Court is barred under the Rooker-Feldman doctrine from reviewing a family court's "[d]eterminations regarding custody, neglect and visitation where those

7

issues have been decided after providing the plaintiff a full and fair opportunity to litigate those issues." Arena v. Department of Soc. Services of Nassau County, 216 F. Supp. 2d 146, 152 (citing Phifer v. City of N.Y., 289 F.3d 49, 57 (2d Cir. 2002)).  The Rooker-Feldman doctrine states that "federal courts lack jurisdiction over cases that seek, essentially, review of state court judgments." Storck v. Suffolk County Dept. of Soc. Services, 62 F. Supp. 2d 927, 937 (E.D.N.Y. 1999).

     Plaintiff has not demonstrated that she has sought review of a final determination of the Family Court in the State Appellate Division.  Although plaintiff's attempt to have this Court review custody determinations is clearly barred by the Rooker-Feldman doctrine, it is arguable that to the extent plaintiff seeks to allege that certain actions of Department of Social Services employees may have violated her constitutional rights, such claims may not be barred by the Rooker-Feldman doctrine. However, for the reasons previously stated, plaintiff cannot raise a claim under the Tenth Amendment.  Further, to the extent that custody and visitation proceedings are ongoing, under the United States Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 59 (1971), a federal court must abstain from exercising jurisdiction when plaintiff's federal constitutional claims can be raised in an ongoing state matter.  It appears from the complaint that child custody/visitation proceedings may be ongoing, as plaintiff indicates that she had a hearing scheduled with the Department of Social Services on May 8, 2018. Dkt. No. 1-2.  If plaintiff's Family Court proceedings are ongoing, there is no indication as to why plaintiff cannot raise her Constitutional claims before the Family Court as "Family Court proceedings raise the important state interest

of child welfare, and any ongoing family court case necessarily proceeds in a corut that follows the United States Constitution and can issue injunctive relief." George v. McLeod, No. CV-95-4297, 1998 WL 661495, at *2 (E.D.N.Y. Aug. 10, 1998) (internal citations omitted).[5]  Plaintiff's complaint does not discuss the involvement of the Family Court.  Thus, it is recommended that all claims that may be interpreted as seeking this Court's review of, or involvement in, a custody, visitation, or neglect determination of the Family Court be dismissed with prejudice as barred by the Rooker-Feldman doctrine, but that the dismissal be without prejudice to plaintiff attempting to amend her complaint to the extent she may be able to argue that (1) a custody arrangement violated the United States Constitution, other than her Tenth Amendment claims which are recommended to be dismissed with prejudice, and (2) that she is unable to raise her Constitutional claims in her ongoing Family Court case.

In addition, as it appears that plaintiff bases her complaint on section 1983 and plaintiff attempts to sue employees of the St. Lawrence County Department of Social Services, plaintiff's claim is covered by Monell v. Department of Soc. Services, 43 U.S. 658 (1978).  Thus, plaintiff may only be able to proceed on such a claim if she alleges an unlawful policy, custom, or practice.  As it is unclear whether plaintiff has alleged an unlawful policy, custom, or practice, it is also recommended that plaintiff's complaint be dismissed for this reason.  However, out of special solicitude, it is recommended that the dismissal be without prejudice to plaintiff attempting to amend her complaint such that it is alleges and sets forth the existence of a municipal policy, custom, or practice.

---

[5] The Court has provided plaintiff pro se a copy of this unpublished decision.

9

Plaintiff does not specify whether she attempts to bring this action against defendants in their individual or official capacities; however, as the Eleventh Amendment bars a claim against state actors in their official capacities, insofar as plaintiff's complaint may be interpreted as being brought against defendants in their official capacities, such claims must be dismissed with prejudice, as such claims may only be brought against defendants in their individual capacities.  See, e.g., Kentucky v. Graham, 473 U.S. 159, 167 (1985).

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **dismissed** for failure to state a claim, but that the dismissal be **without prejudice** to affording plaintiff one opportunity to amend her complaint in an attempt to cure all of the defects detailed above;[6] and it is further

**RECOMMENDED**, that all claims in plaintiff's complaint that may seek review of a Family Court custody, visitation, or neglect proceeding or seek injunctive relief relating to child custody or visitation arrangements be **dismissed with prejudice**; and it is

---

[6] Plaintiff is advised that, if she submits an Amended Complaint, the Amended Complaint must be a complete pleading that will replace and supersede the original Complaint in its entirety. Thus, an Amended Complaint must contain all facts, claims, and allegations that the plaintiff wishes the Court to consider.  Plaintiff is further advised that, in any such Amended Complaint, she may not raise any claims that were dismissed with prejudice by the Court.

10

further

**RECOMMENDED**, that insofar as plaintiff's complaint may be interpreted as bringing claims against the defendants in their official capacities, these claims be **dismissed with prejudice**; and it is

**ORDERED**, that if the District Judge adopts this Report-Recommendation and Order and permits plaintiff to file an amended complaint and plaintiff does file an amended complaint, the Clerk of the Court will return this file to the undersigned for review of that amended complaint.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); F ED. R. CIV. P. 72 & 6(a).

    Dated: May 11, 2018
          Albany, New York

*[Signature: Christian F. Hummel]*

Christian F. Hummel
U.S. Magistrate Judge